UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BALL, #623104,

          Plaintiff,         Civil Action No. 17-11212
                                  Honorable David M. Lawson
                                  Magistrate Judge David R. Grand

v.

PERKINS, UDEL,
JOHNSON,[1]

          Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION
FOR LEAVE TO DISMISS WITHOUT PREJUDICE [19] AND TO DENY
AS MOOT DEFENDANT PERKINS' MOTION FOR SUMMARY JUDGMENT [14]**

**I.    REPORT**

    **A.    Background**

On April 17, 2017, Plaintiff Larry Ball ("Ball") filed a *pro se* complaint against three defendants: Corrections Officer Perkins; Corrections Officer Udel; and Investigator Johnson. (Doc. #1). In his complaint, Ball alleges that while he was being held at Adrian Correctional Facility, he was subjected to sexual harassment by Perkins for several months. (*Id.* at 4-5). Inspector Johnson allegedly initiated an investigation on Perkins, after which Udel apparently approached Ball and asked him if he was "snitching on staff[]" in a way that Ball describes as "impolite and accusatorial" and that "made [Ball] fearful for [his] safety and well being." (*Id.* at 5). Ball now sues Perkins for violating his Fourth, Eighth, and Fourteenth Amendment rights;

---

[1] As explained below, on July 14, 2017, Defendants Udel and Johnson were dismissed from the instant action by the Honorable David M. Lawson in response to Ball's Notice of Voluntary Dismissal. (Doc. #16).

and he sues Udel and Johnson for violating his Eighth and Fourteenth Amendment rights. (*Id.* at 6). Ball applied for *in forma pauperis* status and U.S. Marshal service of his complaint, both of which were granted on May 5, 2017. (Docs. #5, #6). On June 7, 2017, this case was referred by the Honorable David M. Lawson to the undersigned for all pretrial purposes. (Doc. #10).

In June 2017, service was accomplished on all three of the defendants named in Ball's complaint. (Docs. #8, #9, #11). On July 2, 2017, Perkins filed a motion for summary judgment (Doc. #14), but Udel and Johnson did not file an answer or response to the complaint. On July 11, 2017, Ball filed a Notice of Voluntary Dismissal Without Prejudice, where he requested voluntary dismissal of the action under Fed. R. Civ. P. 41(a)(1)(A)(i) and (B) because the defendants "have not served plaintiff with either an answer or any responsive pleading pursuant to Fed. R. Civ. P. 4." (Doc. #15). On July 14, 2017, Judge Lawson granted partial dismissal, dismissing the case only as to Udel and Johnson because they had not answered or otherwise responded to the complaint. (Doc. #16). Judge Lawson indicated that the case could not be dismissed against Perkins by notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i) because Perkins had filed a motion for summary judgment prior to Ball filing the notice of voluntary dismissal. (*Id.*).

On August 7, 2017, Ball filed a Motion for Leave to Dismiss Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2). (Doc. #19). Ball now asks that Perkins – the only remaining defendant in the case – be dismissed without prejudice from the instant action. Ball explains that within sixty days after filing his complaint, he sought the consultation of counsel on the Prison Litigation Reform Act and was advised that given the nature of his alleged injury "and the high likelihood of being paroled in November of 2017, it would be in [his] best interest to dismiss [his] *pro se* complaint as of right pursuant to Fed. R. Civ. P. 41(a)(1)(i) and file anew upon [his]

2

release." (Doc. #19 at 1). Ball states that when he received this advice, Perkins had not yet filed an appearance on the docket. (*Id.* at 2). He indicates that he therefore prepared the Notice of Voluntary Dismissal on July 5, 2017 and mailed it on that date, even though it was filed with the Court six days later, on July 11, 2017. (*Id.*). According to Ball, when he prepared this document he was not aware of the fact that on July 2, 2017, counsel for Perkins had filed an appearance and a motion for summary judgment. (*Id.*). Ball claims that he did not receive notice of this summary judgment motion until the evening of July 14, 2017, which he calculates was five days after he filed his Notice of Voluntary Dismissal and "nearly two weeks after the motion had apparently been filed."[2] (*Id.*). Ball explains that, ultimately, his Notice of Voluntary Dismissal was not filed with the Court until nine days after Perkins' motion for summary judgment "due to the mailing and time constraints associated with being incarcerated." (*Id.*). Perkins did not file a response to Ball's instant motion.

### B. Analysis

Fed. R. Civ. P. 41(a) governs voluntary dismissals in federal court. Fed. R. Civ. P. 41(a)(1)(A) permits a plaintiff to voluntarily dismiss an action, without prejudice, without a court order: (1) by filing an appropriate notice, if the adverse party has not filed an answer or a motion for summary judgment; or (2) by filing a "stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Once a defendant has served an answer to the complaint or filed a motion for summary judgment, and in the absence of a filed stipulation, the plaintiff is required to seek an order of the court to voluntarily dismiss his suit. *See* Fed. R. Civ. P. 41(a)(2).

---

[2] Ball further argues that Perkins' motion is "meritless in several ways" because the motion (1) seeks relief under Fed. R. Civ. P. 56 but no discovery has taken place so there is "therefore no basis on which to assert that there is 'no genuine issue as to any material fact'"; and (2) focuses "almost exclusively" on an equal protection claim, which Ball says he is not asserting in this case. (Doc. #19 at 2).

3

The court may grant a request for voluntary dismissal "on terms that the court considers proper." *Id.* Whether to permit a plaintiff to voluntarily dismiss his case is a matter committed to the court's discretion. *See Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). An "abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice . . . ." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (internal quotations omitted). Thus, "a district court should [ordinarily] grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Quiktrak, Inc. v. Hoffman*, No. 1:05-CV-384, 2005 WL 2465735, at *2 (W.D. Mich. Oct. 6, 2005). To determine whether prejudice would result, the court "typically considers the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Hicks v. Welton*, No. 1:09-CV-942, 2010 WL 2507775, at *1 (W.D. Mich. June 17, 2010) (citing *Bridgeport Music, Inc.*, 583 F.3d at 953).

In this case, Perkins has not opposed Ball's request for dismissal without prejudice, nor has he shown that prejudice would result from granting such a request. Because Perkins has not contended that he would suffer any prejudice as a result of the voluntary dismissal of Ball's claims, the Court will not presume the existence of prejudice. *See id.* (granting the plaintiff's "un-objected to" motion for a voluntary dismissal without prejudice). Moreover, additional considerations support a finding of no prejudice to Perkins should Ball's case be voluntarily dismissed without prejudice. Even though Perkins has filed a motion for summary judgment, a scheduling order has not been put in place, discovery has not yet commenced, and a trial date has not been set, so Perkins has not put forth significant effort and expense in preparing for trial.

4

Furthermore, Ball has not shown a lack of diligence in prosecuting the instant action. He sought advice from an attorney within sixty days of filing the complaint, shortly after which he filed the Notice of Voluntary Dismissal. He then filed the motion for leave to dismiss Perkins only a few weeks after he allegedly received notice of Perkins' dispositive motion. Finally, Ball has explained the reasoning behind the relief he seeks, which Perkins did not challenge. Accordingly, Ball's request to voluntarily dismiss his claims against Perkins without prejudice should be granted.[3]

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Ball's Motion for Leave to Dismiss Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) **(Doc. #19)** be **GRANTED** and that Ball's complaint be **DISMISSED WITHOUT PREJUDICE** as to Perkins. **IT IS FURTHER RECOMMENDED** that Perkins' Motion for Summary Judgment **(Doc. #14)**, be **DENIED AS MOOT**.

Dated: September 12, 2017         s/David R. Grand
Ann Arbor, Michigan                DAVID R. GRAND
                                   United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Sullivan,* 431

---

[3] Because the Court has recommended dismissing Ball's complaint as to Perkins without prejudice, Perkins' Motion for Summary Judgment (Doc. #14) should be denied as moot.

F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 12, 2017.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager