UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BALL,

        Plaintiff,

v.

        Case Number 17-11212
        Honorable David M. Lawson
        Magistrate Judge David R. Grand

CORRECTIONS OFFICER PERKINS,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING DEFENDANT'S OBJECTIONS, GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL, DISMISSING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS MOOT, AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

Plaintiff Larry Ball filed a complaint alleging civil rights violations against three prison guards at Michigan's Adrian Correctional Facility. He contended that defendant Perkins sexually harassed him over several months, and corrections officer Udel and investigator Johnson threatened to retaliate against him when he complained. The Court referred the case to Magistrate Judge David R. Grand for pretrial management. After all of the defendants were served with process, Ball filed a notice of voluntary dismissal without prejudice. Udel and Johnson did not respond to the complaint, but Perkins had filed a motion for summary judgment in the meantime. This Court dismissed the case against the non-responding defendants, but denied the request as to Perkins because he had responded with his summary judgment motion. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (allowing a plaintiff to dismiss his case voluntarily with a notice filed "before the opposing party serves either an answer or a motion for summary judgment").

Ball then filed a motion to dismiss without prejudice under Rule 41(a)(2). Perkins did not respond to it. Judge Grand filed a report on September 12, 2017 recommending that Ball's motion

be granted, Perkins's summary judgment motion be dismissed as moot, and the case be dismissed without prejudice. Remarkably, Perkins filed objections to the recommendation, contending that he is entitled to have the motion for summary judgement addressed on the merits. He concedes that he did not respond to Ball's motion for voluntary dismissal, but he believes that his earlier-filed summary judgment motion should have served as a "response," as the Court should have inferred that a dismissal without prejudice was not acceptable to him. The plaintiff filed a response to the objections.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the pleadings, the report and recommendation, the defendant's objections, and the plaintiff's response, and has made a *de novo* review of the record in light of the parties' submissions.

As noted above, a plaintiff may not dismiss his own case by mere notice if the defendant has filed an answer or summary judgment motion. Fed. R. Civ. P. 41(a)(1)(A)(i). Perkins has not answered the complaint, and therefore he is technically in default. *See* Fed. R. Civ. P. 12(a)(1)(A)(i), (a)(4)(A); *Buchanan v. Gulfport Police Dep't*, No. 08-1299, 2016 WL 6083518, at *2 (S.D. Miss. Feb. 3, 2016) ("There is no provision in the Federal Rules that permits a defendant to file a motion for summary judgment in lieu of an Answer."). Although Perkins's summary judgment motion is not a sufficient substitute for an answer to the complaint, it does trigger the requirement that the plaintiff seek the Court's (or the opponent's) permission to dismiss his case voluntarily. Fed. R. Civ. P. 41(2); *see also Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 578 (6th Cir. 2010) (Batchelder, C.J., concurring).

On the plaintiff's motion, the Court may dismiss the case without prejudice "on terms that the court considers proper." Fed. R. Civ. P. 41(2). A court's primary consideration in ruling on a Rule 41(a)(2) motion is to protect the nonmoving party from unfair treatment. *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). A court has the discretion to grant the motion if the defendant would not suffer "'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Ibid.* (quoting *Cone v. W. Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). When assessing potential prejudice, courts should consider the "defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need

to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* at 718 (citing *Kovalic*, 855 F.2d at 474). These factors are merely a guide, and the plaintiff need not prevail on all of them; nor is the district court required to make any findings on the sufficiency of the plaintiff's explanation for dismissal. *Rosenthal v. Bridgestone/Firestone*, No. 05-4451, 217 F. App'x 498, 502 (6th Cir. 2007) (citing *Kovalic*, 855 F.2d at 474 (quotation marks omitted)).

Here, Perkins has not alleged that he has any incurred costs or expended effort in defending the case so far. And even if the defendant had incurred substantial costs and expended effort in preparing for trial, the work product could be used in a later suit brought by the plaintiff. *See Wargo v. Jungels*, 2012 WL 1060094 (E.D. Mich. 2012); *see also Rosenthal*, 217 F. App'x at 502; *Brown v. Baeke*, 413 F.3d 1121, 1126 (10th Cir. 2005) (finding that the mere prospect of a second suit, standing alone, does not establish plain legal prejudice, based in part on "the ability of the parties to use discovery in the new case").

Nor has there been any delay by the plaintiff. The complaint was filed on April 17, 2017, and the plaintiff filed the motion for dismissal on August 7, 2017. The time line in this case can be compared favorably to other cases where courts allowed a plaintiff to dismiss a case without prejudice, where the dismissal occurred a year or more after the lawsuit was initiated. *Rosenthal*, 217 F. App'x at 502; *Oliver v. Vasbinder*, No. 08-13951, 2009 WL 4584102 (E.D. Mich. Dec. 2, 2009); *Martin v. Warden*, No. 12-458, 2014 WL 1271020 (S.D. Ohio March 24, 2014); *Combs v. ITT Tech. Inst*. No: 15-15, 2016 WL 3982520 (S.D. Ohio July 22, 2014).

Perkins criticizes the four-month lapse before the plaintiff attempted to terminate his lawsuit. But that interval does not demonstrate an intent to delay the legal proceedings. The lawsuit had not

progressed substantially: even now, discovery has not commenced, a scheduling order has not been entered, and a trial date has not been set.

As the plaintiff explains, after he began preparing his motion to dismiss without prejudice in July 2017, he attempted to seek concurrence from the defendant's attorney via telephone. Defense counsel refused to accept any of the three calls made by the plaintiff. So the plaintiff mailed a copy of the motion to the Court on July 31, 2017. On August 7, 2017, the Court filed the plaintiff's motion for leave to dismiss without prejudice under Rule 41(a)(2). By then, the plaintiff had been transferred to another prison. He had sought advice from a prison counselor, who told him that with the nature of his alleged injury "and the high likelihood of being paroled in November of 2017, it would be in his best interest to dismiss his complaint . . . and file a new [case] upon release." At the time, there had been no appearance on behalf of Perkins or any responsive pleadings.

Moreover, the plaintiff did not receive timely notice of Perkins's motion for summary judgment, because Perkins made improper service to the plaintiff. He mailed his papers to the Carson City Correctional Facility, instead of the Newberry Correctional Facility where the plaintiff was housed at the time. As a result, the plaintiff did not receive the motion for summary judgment until July 14, 2017. The plaintiff's motion to dismiss was sent to the Court on July 31, 2017. The period of less than four months from the initial complaint to the motion for summary dismissal does not amount to delay or furnish a basis for a claim of legal hardship.

Perkins argues that the Court may not dismiss the case because the pending motion for summary judgment must first be resolved. Not so. A defendant' motion for summary judgment will not preclude dismissal if other factors do not indicate that the defendant will suffer plain legal prejudice. *Rosenthal*, 217 F. App'x at 502 (observing that "the existence of a pending motion for

summary judgment is a factor that should be considered, but its existence does not mandate a finding of plain legal prejudice"). Moreover, the defendant's motion for summary judgment is premature. No discovery has taken place in the case. The Sixth Circuit has found that "summary judgment motions, as a matter of discretion, may be found premature where discovery has not commenced." *McKinley v. City of Mansfield*, 404 F.3d 418, 443 (6th Cir. 2005); *Vance v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996).

The magistrate judge properly concluded that the plaintiff should be permitted to dismiss his case without prejudice, and that Perkins's motion for summary judgment should be dismissed as moot.

Accordingly, it is **ORDERED** that the defendant's objections to the report and recommendation [dkt. #21] are **OVERRULED**, and the magistrate judge's report and recommendation [dkt. #20] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion to dismiss the complaint without prejudice [dkt. #19] is **GRANTED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt. #14] is **DISMISSED as moot**.

It is further **ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

                                                         s/David M. Lawson
                                                         DAVID M. LAWSON
                                                         United States District Judge

Dated: January 31, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 31, 2018.

                              s/Susan Pinkowski
                              SUSAN PINKOWSKI